UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAULA ANDRZEJEWSKI,                                 Case No. 17-13518

    Plaintiff                                               Thomas L. Ludington
v.                                                                   United States District Judge

COMMISSIONER OF SOCIAL                              Stephanie Dawkins Davis
SECURITY,                                            United State Magistrate Judge

    Defendant.
_____/

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DEFENDANT'S MOTION TO REMAND (Dkt. 13, 16)**

**I.    PROCEDURAL HISTORY**

    A.    Proceedings in this Court

On October 27, 2017, plaintiff Paula Andrzejewski filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). This case was referred to the undersigned magistrate for all pre-trial purposes. (Dkt. 3). This matter is before the Court on Andrzejewski's motion for summary judgment and the Commissioner's motion to remand this matter for further administrative proceedings. (Dkt. 13, 16). The parties agree that this matter should be remanded, but they were unable to agree on the remand instructions. Thus, the primary focus of this report and recommendation will be on the appropriate remand instructions.

1

B.   Administrative Proceedings

Andrzejewski filed the instant claims for a period of disability, disability insurance benefits, and supplemental security income on February 20, 2014, alleging disability beginning April 19, 2013. (Tr. 14).[1] The claims were initially denied by the Commissioner on May 19, 2014. (Tr. 14). Andrzejewski requested a hearing, and on June 3, 2016, she appeared and testified, with the assistance of her attorney, before Administrative Law Judge (ALJ) Manh H. Nguyen, who considered the case *de novo*. (Tr. 34-64). In a decision dated August 31, 2016, the ALJ found that plaintiff was not disabled. (Tr. 11-33). Andrzejewski requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on September 15, 2017. (Tr. 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that the findings of the Commissioner be **REVERSED** and that this matter be **REMANDED** for proceedings consistent with this report and recommendation pursuant to Sentence Four of 42 U.S.C. § 405(g).

---

[1] The Transcript of Social Security Proceedings is cited to throughout this Report and Recommendation as "Tr.," and found at Docket Entry 9.

## II. FACTUAL BACKGROUND

Andrzejewski was born in 1966 and was 46 years old on the alleged disability onset date. (Tr. 31). She lives with her fiancé and two of her three children. (Tr. 1077). Andrzejewski has past relevant work as a billing coder (sedentary as actually and generally performed), a night auditor (sedentary as performed and medium as generally performed). (Tr. 30). She stopped working in 2013 because of her severe back and shoulder pain. (Tr. 175).

The ALJ applied the five-step disability analysis to Andrzejewski's claim and found at step one that she had not engaged in substantial gainful activity since the alleged onset date. (Tr. 16). At step two, the ALJ found that Andrzejewski's degenerative disc disease of the thoracic spine with bulging discs and radiculopathy, degenerative disc disease of the lumbar spine with disc building, chronic pain syndrome, and obesity were severe impairments. (Tr. 16). At step three, the ALJ found no evidence that Andrzejewski's combination of impairments met or equaled one of the listings in the regulations. (Tr. 19-20). The ALJ determined that Andrzejewski has the following residual functional capacity (RFC):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lift 10 pounds at a time; stand and/or walk two hours, and sit 6 hours; never climb ladders, ropes, or scaffolding, kneeling, or

3

> crawling; occasionally climb ramps and stairs, balance, stoop, and crouch. For every one hour of sitting, standing, or walking must be able to change position for approximately 3 minutes before resuming the prior position; and will be off task 10% of the workday. No commercial driving and no work around hazards such as unprotected heights or unguarded or moving machinery. Occasionally push and/or pull with the lower extremities or operate foot controls.

(Tr. 20). At step four, the ALJ concluded that Andrzejewski could perform her past relevant work. (Tr. 30). In the alternative, at step five, the ALJ concluded that, with her RFC, Andrzejewski could perform jobs that existed in sufficient numbers in the national economy and thus, she has not been under a disability since the alleged onset date. (Tr. 31-32).

## III. DISCUSSION

Andrzejewski raises several issues in her motion for summary judgment. First, she argues that the ALJ failed to follow the treating physician rule and did not give controlling weight to the opinions of her treating pain management specialist, Dr. Joseph Sullivan. In this vein, Andrzejewski also argues that the ALJ failed to give good reasons for rejecting Dr. Sullivan's opinions, which were uncontroverted by any other medical opinion in the record. Second, Andrzejewski argues that the ALJ committed reversible error when he relied on a non-medical opinion (that of the single decision-maker) as if it were a medical source. Third, Andrzejewski contends that the ALJ's discounting of her testimony about her

inability to sit for prolonged periods of time is not supported by the record evidence. According to Andrzejewski, part of the problem with the ALJ's assessment of her treating physician opinions and her credibility is that it is impossible to discern to what extent these conclusions relied on the opinions of the single decision-maker.

In response, the Commissioner acknowledges the ALJ's error in relying on the opinion of a non-medical source, the single decision-maker. The Commissioner asks the Court to issue the following remand instructions so that the Appeals Council can direct the ALJ to:

> (1) Conduct a new hearing,
>
> (2) Refrain from evaluating the Physical Residual Functional Capacity Assessment completed by the single decision maker as if it were opinion evidence, and
>
> (3) Issue a new decision.

(Dkt. 16, pp. 3-4). In contrast, Andrzejewski asks the Court to issue the following remand instructions:

> 1. Place no weight whatsoever on the opinion of the state agency consultant/single decision maker;
>
> 2. Reconsider the finding that the opinion of Claimant's treating physician, Dr. Joseph Sullivan, that Claimant was limited to sporadic work "here and there for a few hours" was inconsistent with the objective medical evidence. In performing that reconsideration the ALJ shall consider Dr. Sullivan's testimony that Claimant's symptoms were "consistent with the areas of

5

>   pathology that are notable on her imaging studies". The ALJ must apply 20 CFR 404.1527(d)(2) and 416.927(d)(2) in evaluating Dr. Sullivan's opinion testimony and the opinions contained in the functional capacity evaluation performed by Dr. Lisa Petrie which was adopted by Dr. Sullivan;
>
>   3.   Reconsider the finding that Claimant's testimony regarding her alleged inability to sit for prolonged periods of time is inconsistent with her performance of activities of daily living with specific determination on how Claimant's activities of daily living are inconsistent with her testimony.

(Dkt. 18, pp. 2-3).

The Commissioner contends that "'[t]here is no need to spend the court's and the parties' time [adjudicating] the merits of the current appeal,'" and "the best course appears to be to 'issue an order of remand without including in [the court's] order the words over which the parties disagree.'" *Smith v. Astrue*, 2012 WL 4800176, at *1 (D. Me. Aug. 29, 2012), adopted by 2012 WL 4794306 (Oct. 9, 2012). This is so, according to the Commissioner, because on remand, the ALJ will be required to review all the relevant evidence in the record, citing SSR 96-8p. That evidence includes medical signs and laboratory findings, the effects of treatment, reports of daily activities, recorded observations, and medical source statements. *Id.*; *see also id.* ("Careful consideration must be given to any available information about symptoms . . . ."); *id.* at *7 ("The adjudicator must . . . explain how any material inconsistencies or ambiguities in the evidence in the case record

6

were considered and resolved."). Second, if this Court grants the Commissioner's motion, then it will order the ALJ to conduct a new hearing. At that hearing, Andrzejewski's attorney "will be free to raise" before the ALJ any and all arguments that relate to the instructions sought by plaintiff (or that otherwise support Andrzejewski's position). *Smith*, 2012 WL 4800176, at *1. Third, if the Court grants the Commissioner's motion, then it will order the ALJ to issue a new decision. The issues implicated by Andrzejewski's proposed instruction "'may well be resolved by'" that decision. *Smith*, 2012 WL 4800176, at *2.

In response, Andrzejewski argues that, given the very limited scope of the Commissioner's proposed order indicating only that the ALJ should have a rehearing for purposes of disregarding the assessment of the single decision maker, it is hard to understand how the remand order would result in the ALJ reconsidering the entire record as claimed by the Commissioner. Andrzejewski also asserts that essentially, the Commissioner believes the ALJ will ignore the limited language she seeks to include in the order and will allow Andrzejewski's counsel to raise arguments on remand that are not referenced in the order. According to Andrzejewski, it is likely that the ALJ would actually follow the precise language of the order rather than reconsider issues this Court has not ordered him to reconsider. Finally, while the Commissioner argues that the other issues raised by Andrzejewski "may well be resolved by" the new decision,

7

plaintiff contends that it seems far more likely that the other issues she raises on appeal will be resolved only if the ALJ is ordered to resolve them.

While the Commissioner is correct that this matter should be remanded because the ALJ improperly relied on the opinion of a single decision-maker, more broadly, the ALJ also failed to obtain the opinion of a medical advisor on the issue of equivalency as to Andrzejewski's physical impairments.[1] *Buczynski v. Comm'r of Soc. Sec.*, 2017 WL 2888574, at *10 (E.D. Mich. June 15, 2017), report and recommendation adopted, 2017 WL 2880115 (E.D. Mich. July 6, 2017) (SDM findings do not constitute medical evidence) (citing *Stratton v. Astrue*, 987 F.Supp.2d 135, 147-148 (D.N.H. 2012) (reliance on the opinion of an SDM rather than a medical expert intrinsically improper); *Lindsey v. CSS*, 2013 WL 6095545, *6 (E.D. Mich. November 20, 2013) (same). Without question, the Commissioner is required to have a medical opinion to support the equivalency analysis and did not have one here. *See e.g.*, *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical judgment, and an

---

[1] The expert opinion requirement for equivalency can be satisfied by a signature on the Disability Determination Transmittal Form. *Stratton*, 987 F.Supp.2d at 148 (citing SSR 96-6p, 1996 WL 374180, at *3 (The expert-opinion evidence required by SSR 96-6p can take many forms, including "[t]he signature of a State agency medical ... consultant on an SSA-831-U5 (Disability Determination and Transmittal Form).")). In the instant record, there is a Disability Determination and Transmittal Form signed by a disability examiner only as plaintiff's physical impairments. (Tr. 85-86). Further, the Disability Determination Explanation (DDE) is only signed by the disability examiner as to plaintiff's physical impairments and not any medical advisor. (Tr. 65-84). George Starrett, Ed.D. signed both documents as to plaintiff's mental impairments.

ALJ must consider an expert's opinion on the issue.") (citing 20 C.F.R. § 1526(b)); *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. Nov. 22, 1995) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made.") (citing 20 C.F.R. § 416.926(b)); *Modjewski v. Astrue*, 2011 WL 4841091, at *1 (E.D. Wis. Oct. 21, 2011) (warning that an ALJ who makes a step-three equivalence determination without expert opinion evidence runs the risk of impermissibly playing doctor); *Stratton v. Astrue*, 987 F.Supp.2d 135, 148 (D. N.H. 2012) (SSR 96-6p treats equivalence determinations differently from determinations as to whether an impairment meets a listing, requiring expert evidence for the former, but not the latter.) (citing *Galloway v. Astrue*, 2008 WL 8053508, at *5 (S.D. Tex. 2008) ("The basic principle behind SSR 96-6p is that while an ALJ is capable of reviewing records to determine whether a claimant's ailments meet the Listings, expert assistance is crucial to an ALJ's determination of whether a claimant's ailments are equivalent to the Listings.") (citation and quotation marks omitted)). Indeed, the applicable regulation requires that an opinion by a medical consultant be considered in making such an assessment:

> When we determine if your impairment medically equals a listing, we consider all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding. We do not consider your vocational factors of age, education, and work experience (see, for example, § 404.1560(c)(1)). *We also consider the opinion given by one or more medical or*

>*psychological consultants designated by the Commissioner.* (See § 404.1616.)

20 C.F.R. § 404.1526(c) (emphasis added). The ALJ simply did not obtain any opinion from a medical advisor on equivalency in this case as to Andrzejewski's physical impairments.

Compounding the ALJ's failure to obtain a medical advisor opinion on equivalence as to Andrzejewski's severe physical impairments, is the fact that the ALJ's resulting approach only partially addresses a critical component of the equivalence analysis, namely the requirement to assess severe impairments in *combination*. If a claimant has more than one severe impairment (as Andrzejewski does here), none of which meet a listing singularly, the Commissioner must determine whether "the combination of impairments is medically equal to the listed impairment." 20 C.F.R. § 404.1526(b)(3). The ALJ did not consider all of her severe impairments in combination, beyond the conclusion-stating heading preceding the actual discussion. (Tr. 19-20); *see also Wilcox v. Comm'r of Soc. Sec.*, 2014 WL 4109921, *4 (E.D. Mich. 2014) (Duggan, J.) (The ALJ failed to consider the severity of plaintiff's impairments in combination, as prescribed by 20 C.F.R. § 416.920(c)); *see also* 42 U.S.C. § 423(d)(2)(B) ("In determining whether an ... impairment or impairments are of a sufficient medical severity such that [a finding of disability would be warranted], the Commissioner ... shall consider the combined effect of all of the individual's impairments without regard to whether

any such impairment, if considered separately, would be of such severity."); *Brown v. Comm'r of Soc. Sec.*, 2014 WL 222760, at *13 (E.D. Mich. Jan. 21, 2014) (The lack of an expert opinion on whether the claimant's physical impairments (alone or combined with her mental impairments) medically equal any listed impairment is clear error and requires remand where the record is not so lacking in medical findings that a finding of equivalence is implausible.) (Drain, J.). Likewise, there is also no opinion from a medical advisor addressing whether Andrzejewski's impairments in combination equaled a listing. Given that the Commissioner concedes that remand is necessary, it appears that the Commissioner has also conceded that this error is not harmless.

Typically, when remanding to obtain the opinion of a medical advisor on the issue of equivalency, the Court also remands for reassessment of any treating physician opinions, credibility, and the RFC in light of the new medical opinion. *See e.g.*, *Willette v. Comm'r of Soc. Sec.*, 2015 WL 5559833, at *18 (E.D. Mich. Aug. 24, 2015), report and recommendation adopted, 2015 WL 5545718 (E.D. Mich. Sept. 18, 2015) ("Given the need for remand to obtain an expert medical opinion regarding plaintiff's epilepsy, plaintiff's credibility will necessarily have to be re-evaluated on remand. The undersigned also concludes that the ALJ did not give sufficient good reasons for rejecting the treating physician's opinion regarding plaintiff meeting a Listing. This too should be reassessed after the opinion of a

medical advisor is obtained."); *Allen v. Comm'r of Soc. Sec.*, 2013 WL 5676254, at *16 (E.D. Mich. Sept. 13, 2013), report and recommendation adopted, 2013 WL 5676251 (E.D. Mich. Oct. 18, 2013) ("A remand is necessary to obtain a proper medical source opinion and for a redetermination of plaintiff's RFC. And, given that the treating physicians' opinions will have to be re-assessed and the opinion of an additional medical advisor obtained for a redetermination of plaintiff's RFC, plaintiff's credibility will necessarily have to be re-assessed on remand, and the ALJ's Step IV and V findings will need to be reevaluated."); *Choate v. Comm'r of Soc. Sec.*, 2018 WL 1354471, at *11 (E.D. Mich. Feb. 24, 2018), report and recommendation adopted, 2018 WL 1326293 (E.D. Mich. Mar. 15, 2018) ("…the undersigned concludes that this matter must be remanded so that the ALJ can obtain the opinion of a qualified medical advisor on the issue of equivalence as to plaintiff's impairments in combination and for reevaluation of the treating physician opinion, plaintiff's credibility, and the RFC in light of the new opinion. Updated vocational expert testimony may also be necessary, based on the conclusions of the medical advisor…").

This approach is consistent with Sixth Circuit case law regarding the interpretation of remand orders by ALJs:

> In some Social Security cases, district courts will include detailed instructions concerning the scope of remand and the issues to be addressed. In such cases, "[d]eviation from the court's remand order in subsequent

> administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 866 (1989). *See also Mefford v. Gardner*, 383 F.3d 748, 758 (6th Cir. 1967) (noting "the general rule that, on the remand of a case after appeal, it is the duty of the lower court, or the agency from which the appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions."). These cases stand for the proposition that the administrative law judge may not do anything expressly or impliedly in contradiction to the district court's remand order. These cases do not preclude the ALJ from acting in ways that go beyond, but are not inconsistent with, the district court's opinion....

*Hollins v. Massanari*, 49 Fed. Appx. 533, 536 (6th Cir. 2002). Applying *Hollins*, courts have found that "as long as an issue was not finally decided in the District Courts, the ALJ can exceed the scope of a remand order and reconsider any evidence deemed appropriate in reaching a decision regarding a claim." *Beatty v. Comm'r of Soc. Sec.*, 2015 WL 5693663 at * 3 (E.D. Mich. Sept. 29, 2015); *see also Drossman v. Comm'r of Soc. Sec.*, 2008 WL 1848202 at * 6 (N.D. Ohio April 17, 2008) (Carr, J.) (finding that "*Hollins* explicitly allowed ALJs receiving a case on remand to move beyond the issues examined in the district court opinion" and "ALJs should not feel constrained to only consider the limited issues previously presented and specifically remanded for further consideration."). In the view of the undersigned, in light of the foregoing authority, the better practice is to provide a more specific instruction to the ALJ regarding the issues that must be considered

13

on remand, in order to provide clear and unequivocal guidance. While the ALJ may be *permitted* to review issues beyond those set forth in a remand order, the case law suggests that the ALJ is not *required* to do so and in fact, might run afoul of the Court's instruction. The Court wishes to avoid constraining the ALJ to reviewing only the precise and narrow issue presented in the Commissioner's proposed instruction and to avoid inviting further error by providing unclear instructions.

In summary, because the ALJ fashioned the RFC without the assistance of a medical opinion on equivalence of Andrzejewski's physical impairments individually and in combination, the ALJ carved out several limiting functions based on his own interpretation of the medical records. For these reasons, the undersigned concludes that this matter must be remanded so that the ALJ can obtain the opinion of a qualified medical advisor on the issue of equivalence as to Andrzejewski's impairments individually and in combination and for reevaluation of the treating physician opinions[2], her credibility, and the RFC in light of the new medical opinion. Updated vocational expert testimony may also be necessary, based on the conclusions of the medical advisor and the ALJ's reassessment of the foregoing issues.

---

[2] In view of the need to reevaluate the treating physician opinions in light of the anticipated new medical opinion on equivalence, further examination of the ALJ's treatment of those opinions in the decision at issue is unnecessary.

14

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the findings of the Commissioner be **REVERSED** and that this matter be **REMANDED** for proceedings consistent with this report and recommendation pursuant to Sentence Four of 42 U.S.C. § 405(g).

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 4, 2019                                       s/Stephanie Dawkins Davis
                                                             Stephanie Dawkins Davis
                                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 4, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                                             s/Tammy Hallwood
                                                             Case Manager
                                                             (810) 341-7887
                                                             tammy_hallwood@mied.uscourts.gov