UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAULA ANDRZEJEWSKI,

        Plaintiff,         Case. No. 17-13518

v.         Honorable Thomas L. Ludington
        Magistrate Judge Stephanie D. Davis

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART DEFENDANT'S MOTION TO REMAND, REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS

Plaintiff Andrzejewski filed the instant claims for a period of disability, disability insurance benefits, and supplemental security income on February 20, 2014, alleging disability beginning April 19, 2013. (Tr. 14). The claims were initially denied by the Commissioner on May 19, 2014. (Tr. 14). Andrzejewski requested a hearing. On June 3, 2016, she appeared and testified with the assistance of her attorney before Administrative Law Judge (ALJ) Manh H. Nguyen, who considered the case de novo. (Tr. 34-64). In a decision dated August 31, 2016, the ALJ found that plaintiff was not disabled. (Tr. 11-33). Andrzejewski requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 15, 2017. (Tr. 1-6); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 543- 44 (6th Cir. 2004).

The matter was referred to Magistrate Judge Stephanie D. Davis. ECF No. 2. On February 7, 2018, Plaintiff filed a motion for summary judgment. ECF No. 13. On May 9, 2018,

Defendant filed a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 16. The parties agree that the matter ought to be remanded for further administrative proceedings but were unable to agree on the remand instructions. On February 4, 2019, Judge Davis filed a report addressing the remand instructions. ECF No. 19. In her report, Judge Davis concluded that:

> this matter must be remanded so that the ALJ can obtain the opinion of a qualified medical advisor on the issue of equivalence as to Andrzejewski's impairments individually and in combination and for reevaluation of the treating physician opinions[1], her credibility, and the RFC in light of the new medical opinion. Updated vocational expert testimony may also be necessary, based on the conclusions of the medical advisor and the ALJ's reassessment of the foregoing issues.
>
> Rep. & Rec. at 14.

Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither party has filed any objections. The election not to file objections to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal. *Id.*

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 19, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED IN PART** insofar as it seeks reversal and remand but is **DENIED** insofar as it requests that Defendant be directed to award benefits**.**

---

[1] "In view of the need to reevaluate the treating physician opinions in light of the anticipated new medical opinion on equivalence, further examination of the ALJ's treatment of those opinions in the decision at issue is unnecessary." Rep. & Rec. at 14

It is further **ORDERED** that Defendant's Motion to Remand, ECF No. 16, is **GRANTED IN PART** as set forth above.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED** and this matter is **REMANDED** for proceedings consistent with this order pursuant to Sentence Four of 42 U.S.C. § 405(g).

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: March 1, 2019